Rafael ANDREASIAN; Lianna Ambartsoumian; Elen Andreasian, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74036.

Agency Nos. A71–586–236, A70–501–000, A70–501–001.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 2004.*

Decided April 12, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ahmed M. Abdallah, Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Rafael Andreasian, along with his wife and adult daughter, appeal the decision of the Board of Immigration Appeals (BIA) denying their motion to reopen their asylum and withholding of deportation proceedings. The BIA denied the motion because it was untimely and did not fall within the "changed circumstances" exception to the time and numerical limitations set forth in 8 C.F.R. § 3.2(c)(2) (renumbered 8 C.F.R. § 1003.2(c)(2) in 2003). The petitioners do not contest the tardiness of their motion. They do assert, however, that they fall within the regulatory exception of 8 C.F.R. § 3.2(c)(3)(ii), which permits "reappl[ication] for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."

■ Rafael offered essentially three pieces of evidence that he claimed were not available and could not have been obtained at the time of the prior hearing: two newspaper articles, and the apparently recent discovery that his daughter Ellen was a lesbian. Rafael also sought to introduce evidence from a State Department Country Report for Armenia, released in

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

March 2003. The Country Report cannot be taken into consideration on appeal, however, because it was not presented to the BIA. 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based[.]").

In reaching its decision, the BIA simply stated, "we do not find that the [petitioners] have established 'changed circumstances' in Armenia." The BIA did not abuse its discretion in making this determination. *INS v. Doherty*, 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("The abuse-of-discretion standard applies to motions to reopen 'regardless of the underlying basis of the alien's request [for relief].' ") (quoting *INS v. Abudu*, 485 U.S. 94, 99 n. 3, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

The two newspaper articles do not establish a change in circumstances within Armenia. They may add credibility to Rafael's story that he was detained by the KGB and beaten upon his return from Azerbaijan; however, they do not provide evidence that the country has changed in any way that might make persecution more likely than was the case on June 30, 1997, the date of his initial hearing.

The fact that Ellen revealed she is a lesbian may be a change in personal circumstances; it is not, however, a change in circumstances in Armenia. Although she presents evidence of the lack of acceptance of lesbians and enforcement of anti-sodomy laws in Armenia, she offers no evidence that lesbians are being persecuted, or that the situation is worse now than it was several years ago.

Although we find no abuse of discretion in the BIA's denial of Ellen's motion for reopening, another administrative remedy may still be open to her. Under 8 U.S.C. § 1158(a)(2)(D), an alien may request permission to file a successive, untimely asylum application based upon "changed circumstances which materially affect [her] eligibility for asylum." The definition of such "changed circumstances," provided by 8 C.F.R. § 208.4(a)(4), encompasses changed personal circumstances arising in the United States. While this court lacks jurisdiction to review a discretionary denial of permission to file a successive petition under 8 U.S.C. § 1158(a)(3), Ellen may still pursue this relief even if further judicial review is unavailable.

**AFFIRMED.**